**2**

**WANGER JONES HELSLEY**
Riley C. Walter #91839
Danielle J. Bethel #315945
265 E. River Park Circle, Suite 310
Fresno, California  93720
Telephone:　(559) 233-4800
Facsimile:　(559) 233-9330
Email:　　　rwalter@wjhattorneys.com
　　　　　　dbethel@wjhattorneys.com

Attorneys for Debtor in Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>VALLEY TRANSPORTATION, INC., a California Corporation,<br><br>　　　Debtor in Possession.<br><br>Tax ID#:　　77-0282447<br>Address:　　PO Box 12663<br>　　　　　　Fresno, CA 93778 | CASE NO.  22-11540<br><br>Sub Chapter V<br><br>Chapter 11<br><br>DC No.: WJH-24<br><br>Date:　　June 27, 2023<br>Time:　　9:30 a.m.<br>Place:　　2500 Tulare Street<br>　　　　　Fresno, CA 93721<br>　　　　　Courtroom 13<br>Judge:　　Honorable René Lastreto II |

**MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. SECTION 1112(b)**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:

Valley Transportation, Inc., respectfully files this Motion to Dismiss Case Pursuant to 11 U.S.C. Section 1112(b) and base the Motion on the following:

1.　　Valley Transportation, Inc. ("Debtor") filed Chapter 11 on September 1, 2022.

2.　　The sole reason for filing Chapter 11 was a hotly and bitterly disputed claim by Andrew Mendoza.  The claim has been vigorously litigated in this Court and the Superior Court

throughout this Chapter 11 case at great expense.

3. Though the good offices of the Honorable Justice Steven K. Kane (Ret.), on May 1, 2023 the warring parties resolved and settled their disputes. By the settlement the shareholder of Valley Transportation, Inc. will pay a sum to Andrew Mendoza and Mendoza will give a release to Valley Transportation, Inc. and the shareholder, and assigned his claims to the shareholder. No payment will be made by the Debtor. The Debtor will be released from all Mendoza claims.

4. Section 1112(b) of the Code provides that unless there are "unusual circumstances" the Court shall convert or dismiss a case under this Chapter, whichever is in the best interests of creditors and the estate, if cause is established. Here, the Debtor no longer has need for the protections of Chapter 11 and seeks dismissal of the Chapter 11 case.

5. The term "cause" includes, but is not limited to the grounds identified in Section 1112(b)(1).

6. In this instance, the Debtor asserts that given the settlement with Mendoza it no longer requires the protections of the Court and once dismissed it will be able to pay its creditors in the ordinary course of business, without the costs of Chapter 11.

7. The Debtor acknowledges there will be Sub V Trustee fees and legal fees to be paid as a condition to dismissal. The Court can and should dismiss this proceeding and reserve jurisdiction over the fees and require applications be filed within 15 days of the dismissal unless heard earlier.

WHEREFORE, the Debtor in Possession requests that this Court dismiss the case pursuant to 11 U.S.C. Section 1112(b) and seeks such other and further relief as is just and proper in the premises.

Dated: June 15, 2023                    WANGER JONES HELSLEY

By: *Riley C. Walter*
Riley C. Walter, Attorneys for Debtor in Possession, Valley Transportation, Inc.